**Jordan K. Cameron (12051)**
  *jcameron@djplaw.com*
**DURHAM JONES & PINEGAR, P.C.**
3301 N Thanksgiving Way, Suite 400
Lehi, Utah 84043
Telephone: (801) 375-6600
Fax: (801) 375-3865

*Attorneys for Plaintiff Nature's Sunshine Products, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATURE'S SUNSHINE PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> "WILLIAM WELLBUCKLE", an individual of unknown identity, DOES 1-5, <br><br> Defendants. | **COMPLAINT** <br><br><br> Case No.:  2:16cv00567 BCW <br><br> Judge Brooke C. Wells |

COMES NOW Plaintiff Nature's Sunshine Products, Inc. ("NSP"), and complains and

alleges the following:

PARTIES, JURISDICTION AND VENUE

1.      Plaintiff NSP is a Utah corporation with its principal place of business in Lehi,

Utah, and at all relevant times hereto was duly registered and licensed to do business in the State

of Utah.

2.      On information and belief, defendant "William Wellbuckle" ("Defendant") is an

individual who is anonymously posting material on Facebook, YouTube, and other sites under

the assumed user name "William Wellbuckle."  Plaintiff does not presently know Defendant's real name or where he or she is located.

3.        On information and belief DOES 1-5 are individuals and/or companies doing business in association with the above named-defendant and are legally responsible for the events hereinafter alleged.  The true names and capacities of DOES 1-5, whether individual, corporate, associate or otherwise, are unknown to Plaintiff.  Plaintiff therefore sues those Defendants as DOES.  Plaintiff will seek leave to amend the *Complaint* when the true names and capacities of the "Doe" defendants have been ascertained.

<u>JURISDICTION AND VENUE</u>

4.        This Court has subject matter jurisdiction pursuant to 15 U.S.C § 1121 and 28 U.S.C. §§ 1331, 1338 (federal question), for violations of the LANHAM ACT, 15 U.S.C. §§ 1051, *et seq*., and because all other claims herein are substantial and related thereto and on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a) because:  (a) the federal and state law claims asserted herein are based upon the same operative facts; (b) the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties; and (c) such claims are so related to the LANHAM ACT claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.        This Court has personal jurisdiction over the Defendants because the Defendants, and each of them, are residents of the state of Utah, are businesses organized and existing under the laws of the state of Utah, have entered into a contract with Plaintiff that contains a jurisdiction and venue clause, and/or because Defendants have purposefully availed themselves of the privileges of conducting commercial activity in the forum state, have caused harm within

2

SLC_2797360

the state of Utah, and the exercise of jurisdiction is reasonable since Defendants should have

known that they would be subject to the jurisdiction and laws of the forum state when engaged in

the activity giving rise to the claims set forth herein.

6.      Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the

unlawful actions by the Defendants, and each of them, occurred in this judicial district,

specifically, the Defendants are engaging in infringing activities and causing harm within this

district.

GENERAL ALLEGATIONS

7.      NSP is a leading natural health and wellness company that markets and distributes

nutritional and personal care products through a global direct sales force of active independent

Managers, Distributors, and customers in more than 28 countries.

8.      NSP is the owner of all rights in and to the following trademarks and service

marks ("NSP Marks"):

  

**SYNERGY WORLDWIDE®**

[United States Patent and Trademark Office Reg. Nos. 2,641,565 and 3,374,139]

3

9.      The NSP Marks have been used in interstate commerce to identify and distinguish NSP's high quality products for an extended period of time, and serve as symbols of NSP's quality, reputation, and goodwill.

10.     The NSP Marks are well-known and famous and have been for many years.  NSP has expended substantial time, money and other resources developing, advertising and otherwise promoting the NSP Marks.  The NSP Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(l).

11.     NSP also markets its products through various websites and social media accounts, including:

http://www.synergyworldwide.com/EN-US/Home/Welcome

https://www.facebook.com/synergyworldwide

https://twitter.com/SynergyUpdates

https://www.youtube.com/channel/UCIGJCq3YeUKFx5Eh_MEA-BA

http://www.synergyworldwideblog.com/

12.     As a result of NSP's efforts, members of the public readily identify the NSP Marks as being synonymous with NSP, its products, its reputation and its goodwill, and identify any presentation of the NSP Marks as being sponsored by NSP.

13.     The NSP Marks are symbols of NSP's quality, reputation and goodwill and have never been abandoned.

14.     NSP has carefully monitored and policed the use of the NSP Marks and none has ever been assigned or licensed to any of the Defendants in this matter or for use in the manner described herein.

15.     NSP also maintains confidential information and trade secrets including information concerning its active independent Managers, Distributors, and customers, including private personal identification information about them.  That information constitutes valuable

4

business information belonging to Plaintiff and maintains its value by not being publicly distributed or published.

16.     Plaintiff is informed and believes that Defendant, operating under the anonymous and assumed user name "William Wellbuckle", has been posting material that:  (a) misuses and infringes the NSP Marks; (b) violates confidentiality agreements with Plaintiff; (c) discloses confidential information and documents owned by Plaintiff; (d) discloses private identification, organizational, and financial information concerning Plaintiff's active independent Managers, Distributors, or customers; and (e) falsely accuses Plaintiff and its active independent Managers, Distributors, or customers of violating business ethics and laws.

17.     For example, Defendants have published such material in the following Facebook groups:

- ▪ **Darkside of Synergyworldwide** (created by "William Wellbuckle" on March 19, 2016) (https://www.facebook.com/groups/1566279197032764/?fref=nf) (attached hereto as Exhibit A)

- ▪ **William Wellbuckle** (first post dated March 19, 2016) (https://www.facebook.com/profile.php?id=100011588973574&fref=photo) (attached hereto as Exhibit B)

- ▪ **Synergy Worldwide Philippine Rising Eagle "Team Bataan"** (https://www.facebook.com/groups/202868563088937/) (attached hereto as Exhibit C)

18.     The first two Facebook groups were created by Defendant "William Wellbuckle."

19.     The third Facebook group was created by an unidentifiable party, but Defendant "William Wellbuckle" has published the complained-of material in this group.

20.     Similar material is posted by "William Wellbuckle" on YouTube. *See* https://www.youtube.com/channel/UCm7UFkSbrO4UKI64eL--QaQ.

SLC_2797360

21.     Plaintiff is informed and believes that Defendant also has previously posted such material on other sites.

22.     Defendants are causing harm to NSP and the consuming public by (i) depriving NSP and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of NSP's genuine marketing materials on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the NSP Marks , and (iii) increasing NSP's overall cost to market its goods and educate consumers about its brand via the Internet.

23.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of NSP's ownership of the NSP Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

FIRST CAUSE OF ACTION
**Trademark Infringement, False Designation of Origin, Passing Off, False Advertising, Unfair Competition - LANHAM ACT § 43(a), 15 U.S.C. § 1125(a)**

24.     Each of the previous paragraphs is realleged herein.

25.     NSP holds the exclusive right to use the NSP Marks in the nutritional and personal care products industries.

26.     Defendants have, without NSP's consent, caused the NSP Marks to be used in commerce.

27.     Defendants' use of the NSP Marks is in a manner that misrepresents an association with NSP and that falsely brings disrepute to NSP.

28.     Defendants' actions are likely to confuse relevant consumers into believing that NSP endorses or is associated with Defendants.

6

29.     Defendants' actions also misrepresent the nature, characteristics, qualities, and origin of NSP's products and commercial activities.

30.     Plaintiff is informed and believes that Defendants' unlawful acts are aimed at causing confusion and mistake and misleading and deceiving the public into believing that NSP and/or its services or products are affiliated with, connected with, or associated with Defendants.

31.     Defendants have used Plaintiff's trademarks without Plaintiff's permission or authorization, without any disclaimer of association with Plaintiff, and in a manner that is likely to cause confusion among and to deceive, confuse, and mislead consumers.

32.     Plaintiff is informed and believes that Defendants' unauthorized use of the Plaintiff's marks, reputation, and good will is likely to cause confusion and mistake, and to mislead and deceive the public into believing that Defendants are associated with or authorized by Plaintiff, when in fact they are not.

33.     Defendants' actions constitute trademark infringement, false designation of origin, passing off, false advertising, and unfair competition.

34.     As a direct and proximate result of Defendants' unlawful acts as described herein, Plaintiff has suffered and will continue to suffer injury to its business, goodwill and property, in an amount to be determined at trial.

35.     Plaintiff has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, Plaintiff will continue to suffer irreparable harm.

36.     Plaintiff is entitled to an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants, and their officers, agents, servants and employees, and all persons in active concert

7

or participation with them, from engaging in any further such acts in violation of the LANHAM

ACT.

37.     Plaintiff is further entitled to recover from Defendants the damages Plaintiff has

sustained and will sustain, as well as any and all gains, profits, benefits, and advantages obtained

and to be obtained by Defendants, as a result of their unlawful acts as described herein.

38.     Plaintiff is further entitled to an award of enhanced damages and to recover its

attorneys' fees pursuant to 15 U.S.C. § 1117.

SECOND CAUSE OF ACTION
**Misappropriation of Trade Secrets in Violation of Utah Code § 13-24-2**

39.     Each of the previous paragraphs is realleged herein.

40.     NSP has developed and maintains confidential and proprietary business materials

and information, which constitute confidential information and trade secrets (collectively

"Protected Materials").

41.     The Protected Materials include, but are not limited to, information concerning

NSP's active independent Managers, Distributors, and customers, including private personal

identification information about them.

42.     On information and belief, Defendants acquired NSP's Protected Material through

artifice or design, under circumstances giving rise to a duty to maintain its secrecy or limit its

use, or derived such from or through a person who owed a duty to NSP to maintain its secrecy or

limit its use.

43.     Defendants acquired the Protected Material with knowledge, or reason to know,

that the Protected Materials constituted NSP's trade secrets, belonged to NSP and had been

acquired improperly.

8

SLC_2797360

44.     Without NSP's authorization or consent, Defendants published the Protected Information, including private identification, organizational, and financial information concerning NSP's active independent Managers, Distributors, or customers.

45.     As a direct and proximate result of Defendants' unlawful acts as described herein, Plaintiff has suffered and will continue to suffer injury in an amount to be determined at trial.

46.     Pursuant to Utah Code § 13-24-4(2), NSP is entitled to exemplary damages in an amount not exceeding twice any award made pursuant to Utah Code § 13-24-4(1).

47.     Pursuant to Utah Code § 13-24-3, NSP is entitled to injunctive relief.

48.     Pursuant to Utah Code § 13-24-5, NSP is entitled to an award of its attorney's fees incurred herein.

THIRD CAUSE OF ACTION<br>**Unfair Competition in Violation of Utah Code § 13-5a-103**

49.     Each of the previous paragraphs is realleged herein.

50.     Defendants' actions constitute business acts that are unfair.

51.     For example, Defendants have made false representations that Plaintiff and its active independent Managers, Distributors, or customers have violated business ethics and law.

52.     Upon information and belief, Defendants made these representations knowing they are false.

53.     Defendants' actions constitute business acts that are unlawful.

54.     For example, Defendants' actions are unlawful in that they violate the federal LANHAM ACT § 43(a), 15 U.S.C. § 1125(a), as set out in this Complaint.

55.     Defendants' actions are also unlawful in that they misappropriate Trade Secrets in violation of Utah Code § 13-24-2, as set out in this Complaint.

9

56.     Upon information and belief, Defendants' actions and representations were made with the intent to adversely affect NSP's ability to offer its products and services in commerce.

57.     Defendants' actions materially diminish the value of NSP's intellectual property.

58.     Defendants' false representations and misuse of NSP Marks diminish Plaintiff's business name and reputation.

59.     Defendants' false representations and misuse of NSP's trade secrets diminish Plaintiff's business name and reputation.

60.     Defendants' infringement of Plaintiff's trademarks materially diminishes their value by misrepresenting an association with NSP and, in turn, bringing disrepute to NSP and its trademarks.

61.     Defendants' actions constitute infringement of a trademark, as set out in this Complaint.

62.     Based on the foregoing, Defendants have engaged in unfair competition as is defined in Utah Code § 13-5a-102.

63.     Pursuant to Utah Code § 13-5a-103(a)–(b), Plaintiff is entitled to actual damages, costs and attorney fees, and punitive damages.

<u>REQUEST FOR RELIEF</u>

Plaintiff respectfully requests the following relief:

A.     Entry of preliminary and permanent injunctions pursuant to The LANHAM ACT and Fed. R. Civ. P. 65 enjoining the Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from further infringement of the NSP Marks.

SLC_2797360

B.      Entry of preliminary and permanent injunctions pursuant Fed. R.  Civ. P. 65

enjoining the Defendants, their agents, representatives, servants, employees, and all those acting

in concert or participation therewith, from further publication of NSP's Protected Material.

C.      Entry of an award of damages on each of Plaintiff's causes of action in an amount

to be determined.

D.      Entry of an award of Plaintiff's costs and reasonable attorneys' fees and

investigative fees associated with bringing this action.

E.      Entry of an award of punitive damages.

F.      Entry of an award of pre-judgment interest on the judgment amount.

G.      All other relief deemed just in law or equity by this Court.

DATED this 10th day of June, 2016.

DURHAM JONES & PINEGAR, P.C.

/s/ Jordan K. Cameron
Jordan K. Cameron
*Attorneys for Plaintiff*

Plaintiff's Address:
2500 West Executive Parkway, Suite 100
Lehi, UT 84043

SLC_2797360